In the Matter of ALFRED C. SHARPTON, Petitioner, v JOHN G. TURNER, JR., as Albany County Court Judge, et al., Respondents.

Third Department, August 1, 1991

APPEARANCES OF COUNSEL

*Michael A. Hardy* and *Harry Kresky* for petitioner.

*Robert Abrams, Attorney-General (Victor Genecin, Edward D. Saslaw, Thomas J. Neidl* and *Christine Duisin* of counsel), for respondents.

**OPINION OF THE COURT**

CREW III, J.

Petitioner was tried and acquitted in Supreme Court, New York County, for the crimes of scheme to defraud in the first degree, falsifying business records in the first degree and grand larceny in the third and fourth degrees. In this CPLR article 78 proceeding, petitioner seeks to prohibit his subsequent prosecution in the County Court of Albany County for the crimes of offering a false instrument for filing in the first

degree, filing a false or fraudulent return and failure to file a return or report on the ground that such prosecution would constitute double jeopardy.

The facts necessary for resolution of this case are not in dispute. The New York County trial focused on alleged crimes arising from petitioner's operation of the National Youth Movement during the years 1985 through 1988. That organization was dedicated to improving the condition of minority young people. The indictment charged and the Attorney-General attempted to prove that petitioner fraudulently sought contributions from individual donors to the National Youth Movement which he converted to his personal use. The indictment also alleged that petitioner falsified business records of two corporate entities whereby he caused them to prepare receipts that made it appear that moneys paid to petitioner for concert promotion activities constituted contributions to the National Youth Movement. The indictment further charged petitioner with scheme to defraud in connection with specific fund-raising ventures that he undertook in the name of the National Youth Movement. Among those that petitioner was alleged to have defrauded was the State in that petitioner used bank accounts of the National Youth Movement to conceal business income from the tax authorities, thereby evading State income taxes. In the Albany County indictment, petitioner is charged with offering a false instrument for filing in connection with his 1987 State income tax return, filing a false return in connection with the same instrument and failure to file a State income tax return in 1986.

Petitioner contends that the prosecution of the Albany County indictment is proscribed by the recent holding of the United States Supreme Court in *Grady v Corbin* (495 US 508, 110 S Ct 2084). We disagree. In that case, the Supreme Court established a two-prong test to determine whether a subsequent prosecution violates the Double Jeopardy Clause of the 5th Amendment of the US Constitution *(supra)*. Initially it must be determined whether the successive prosecution violates the test established in *Blockburger v United States* (284 US 299). Under *Blockburger,* double jeopardy does not occur where the offense involved in the successive trials each require proof of a fact which the other does not. That is clearly the case here. However, even if the subsequent prosecution does not run afoul of *Blockburger,* the Double Jeopardy Clause will bar the subsequent prosecution if, in order to establish an

essential element of an offense charged, the People will prove conduct that constitutes an offense for which the defendant was previously prosecuted *(Grady v Corbin, supra,* 495 US, at —, 110 S Ct, at 2087).

In the case at bar, the conduct for which petitioner was previously prosecuted was his ongoing fraudulent use of National Youth Movement bank accounts to conceal business income from the State tax authorities. Clearly that conduct will not be utilized to prove that he offered a false instrument for filing, filed a false income tax return or failed to file an income tax return. Petitioner contends, however, that in order to establish the crimes charged in the first two counts of the Albany County indictment the People, of necessity, will have to prove that petitioner filed a 1987 income tax return, that he knew the return contained false information and that this false information was provided with the intent to defraud the State. Petitioner further argues that since the 1987 return was used as evidence in the New York County prosecution, its subsequent use in Albany County would violate the dictates of *Grady v Corbin (supra).* We disagree. As the Supreme Court pointed out, it was not creating an "actual evidence" or "same evidence" test *(supra,* 495 US, at —, 110 S Ct, at 2093). "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct" *(supra,* 495 US, at —, 110 S Ct, at 2093). While the 1987 return was used in the New York County prosecution as evidence of petitioner's intent to defraud, it was not the "conduct" for which he was being prosecuted and there is no prohibition to its use in the Albany County trial *(see, Dowling v United States,* 493 US 342).

The remaining question is whether petitioner may be prosecuted in Albany County without violating this State's generous statutory double jeopardy provisions. Resolution of that question turns on the meaning and reach of CPL 40.20 which, insofar as pertinent, reads:

"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * *

"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil".

■ Respondents contend that the Albany County prosecu-

tion is not based on the same act or criminal transaction for which petitioner was prosecuted in New York County and does not, therefore, violate the provisions of CPL article 40. Insofar as pertinent, a "criminal transaction" is defined as "conduct which establishes at least one offense, and which is comprised of * * * a group of *acts* * * * so closely related in criminal purpose or objective as to constitute elements *or integral parts* of a single criminal venture" (CPL 40.10 [2] [emphasis supplied]). Contrary to respondents' contention, by including the State as a victim of the alleged scheme to defraud, the Attorney-General brought the ambit of his activity squarely within the scope of the offenses charged in the Albany County indictment. In the bill of particulars furnished to petitioner in the New York County prosecution, the People asserted that petitioner "used the bank accounts of the National Youth Movement, Inc. to conceal from the state tax authorities personal income that he earned from his business activities in the field of entertainment and music promotion". In their opening to the jury, the People asserted that:

"There was also a third purpose to the National Youth Movement, and this was to have an organization name and a bank account in which [petitioner] could conceal his earnings.

"During this trial, ladies and gentlemen of the jury, you are going to hear testimony about thousands of dollars, thousands and thousands of dollars that people paid to [petitioner] in checks made out to the National Youth Movement, but that weren't contributions to the organization. * * *

"All of this money was money he obtained from business dealings but he took it in the name of the National Youth Movement in order to evade paying taxes."

Thus, it is clear that the theory of the People's case in New York County and the proof adduced in support thereof was that petitioner was engaged in a criminal transaction encompassing the years 1986 and 1987 to defraud the State by evading income taxes. Petitioner's alleged filing of a false 1987 tax return and his failure to file a 1986 return are acts which are clearly and unmistakably related to his objective of evading income taxes. Accordingly, the offenses for which petitioner is now sought to be prosecuted are based upon the same criminal transaction for which he was previously prosecuted and come within the provisions of CPL 40.20 (2).

Respondents argue, alternatively, that the proscriptions of CPL 40.20 (2) are not applicable because of the exception

contained in CPL 40.20 (2) (b), which excludes the statutory bar to a second prosecution where the subsequent offenses charged contain elements which are not elements of the previously charged offenses and the statutory provisions of the offenses are designed to prevent very different kinds of harm. We start with the proposition that all of the offenses charged in the Albany County indictment contain elements which are not elements of the offenses charged in the New York County indictment. The pivotal question then is whether the statutory provisions of the Albany County offenses are designed to prevent very different kinds of harm than the harm designed to be prevented by the offenses charged in New York County.

■ Our first inquiry, therefore, is whether the harm to be prevented by the Penal Law crime of offering a false instrument for filing is very different from that sought to be prevented by the Penal Law crime of scheme to defraud. We believe it is. Case law, the commentaries and the legislative annotations instruct that the scheme to defraud statute is a consumer protection measure whose purpose is to prevent multiple victims from being bilked of small amounts of money by way of fraudulent scams or schemes (see, People v Mikus-zewski, 73 NY2d 407, 412-413; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 190.60, at 423-425; Sponsor's mem, 1976 NY Legis Ann, at 35-36). Offering a false instrument for filing, on the other hand, was enacted to prevent persons from defrauding the State out of substantial sums of money or to frustrate the State's power to fulfill its responsibility to carry out its own law (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 175.30, at 336). Likewise, the harm sought to be prevented by the Penal Law crime of falsifying business records is very different from that concerning offering a false instrument for filing. The former is intended to prevent a business entity from being defrauded by means of false entries in its books or records (cf., People v Brown, 140 App Div 591, appeal dismissed 202 NY 585). So while it is arguably possible to bring the State within the reach of the crimes charged in the New York County indictment, the fact remains that the harm the Legislature intended to prevent by those crimes is entirely different from that sought to be prevented by the crime charged in the first count of the Albany County indictment.

The same can be even more persuasively said of the second and third counts of the Albany County indictment. The harm

sought to be prevented by the statutes alleged to have been violated in those two counts is the privation of moneys due the State for the orderly operation of government as opposed to the deceitful theft of property from consumers or the defrauding of a business entity by falsification of its records. Put another way, were we to ask the legislators who drafted Penal Law §§ 175.05 and 190.65 whether they intended thereby to prevent tax evasion, what would their answer be? To ask the question is to answer it. Neither statute was enacted to prevent tax evasion. Accordingly, petitioner's application is in all respects denied.

MIKOLL, J. P., YESAWICH, JR., MERCURE AND HARVEY, JJ., concur.

Adjudged that the petition is dismissed, without costs.