**Alfred C. SHARPTON, Petitioner–Appellant,**

v.

**Hon. John C. TURNER Jr., Albany County Judge; Robert Abrams, Attorney General of the State of New York, Respondents–Appellees.**

No. 1091, Docket 92–2007.

United States Court of Appeals,
Second Circuit.

Argued Jan. 23, 1992.

Decided May 19, 1992.

Michael A. Hardy, New York City (Harry Kresky, Int'l Peoples' Law Institution, New York City, on the brief), for petitioner-appellant.

Christine Duisin, New York City (Robert Abrams, Atty. Gen., Edward D. Saslaw, Victor Genecin, Asst. Attys. Gen., New York City, on the brief), for respondents-appellees.

Before NEWMAN and KEARSE, Circuit Judges, and MARSHALL, Associate Justice Retired.*

JON O. NEWMAN, Circuit Judge:

This appeal raises the recurring issue of whether a second set of criminal charges is sufficiently similar to a prior set of charges to fall within the proscription of the Double Jeopardy Clause. The issue arises on an appeal by Reverend Alfred C. Sharpton from the January 3, 1992, order of the District Court for the Northern District of New York (Howard G. Munson, Judge) denying his petition for a writ of habeas corpus to bar a state prosecution for state tax law violations. We affirm.

## Facts

The two sets of charges underlying Sharpton's double jeopardy claim are contained in two indictments returned by New York grand juries in June 1989—a 67-count indictment returned by a New York County grand jury and a three-count indictment returned by an Albany County grand jury. The New York County indictment charged five counts of a scheme to defraud, in violation of N.Y. Penal Law § 190.65 (McKinney 1988), two counts of falsifying business records, in violation of N.Y.Penal Law §§ 175.05, 175.10 (McKinney 1988), and 60 counts of grand larceny, in violation of N.Y.Penal Law §§ 155.30, 155.35 (McKinney 1988). The Albany County indictment charged filing a false 1987 state income tax return, in violation of N.Y.Penal Law § 175.35 (McKinney 1988), filing the same return with intent to evade taxes, in violation of N.Y.Tax Law § 1804(b) (McKinney 1987), and failure to file a state income tax return for 1986, in violation of N.Y.Tax Law § 1801(a) (McKinney 1987).

Sharpton was acquitted, after a jury trial, of all charges in the New York County indictment. The Albany County charges remain pending.

The charges in the New York County indictment arose out of Sharpton's solicitation of funds for the National Youth Movement, Inc. ("NYM"), a charitable organization operating programs for improving the condition of minority youth. Sharpton identifies himself as president and national chairman of NYM. The New York indictment, as amplified in a bill of particulars, charged that Sharpton solicited and received charitable contributions to NYM on the basis of false representations that the contributions would fund programs for minority youth. The State sought to prove at trial that Sharpton diverted contributions to his personal benefit. The Albany Coun-

---

* The Honorable Thurgood Marshall of the Supreme Court of the United States, sitting by designation.

ty indictment alleges state tax offenses for two of the same years in which Sharpton was alleged to have diverted NYM contributions, although the State alleges that it will prove the tax charges on the basis of income not derived from the misconduct charged in the prior prosecution. The charges in the two indictments will be examined in more detail below.

Sharpton's double jeopardy defense was asserted in the state trial court by an unsuccessful motion to dismiss and by an unsuccessful petition for a writ of prohibition. *See Matter of Sharpton v. Turner,* 170 A.D.2d 43, 573 N.Y.S.2d 328 (3d Dept.), *appeal dismissed for lack of a substantial constitutional question,* 78 N.Y.2d 1071, 576 N.Y.S.2d 221, 582 N.E.2d 604 (1991). Having exhausted his state court remedies, *see Drayton v. Hayes,* 589 F.2d 117, 120 (2d Cir.1979), Sharpton then brought the pending habeas corpus petition. Judge Munson denied the petition, agreeing, on the merits, with the recommendation of Magistrate Judge David N. Hurd that the jeopardy defense was unavailing. Judge Munson granted a brief stay of the pending state court trial, and this Court extended the stay until disposition of this appeal.

## Discussion

The bare recital of the offenses charged in the New York County and the Albany County indictments does not reveal the full extent to which the charges are related. That relationship emerges from examination of the bill of particulars filed with respect to the New York County indictment. Count 1 of the New York indictment charged the offense of Scheme to Defraud in the First Degree during the period from January 1, 1985, to January 8, 1988. That offense requires an intent to defraud ten or more persons. N.Y.Penal Law § 190.65(1)(a) (McKinney 1988). The bill of particulars listed New York State as one of the ten persons defrauded by the scheme alleged in Count 1 and included the following allegation concerning the defen-

dant's conduct with respect to New York State:

> Defendant further used the bank accounts of National Youth Movement, Inc. *to conceal from the state tax authorities personal income* that he earned from his business activities in the field of entertainment and music promotion.

Bill of Particulars Pursuant to Order Dated October 16, 1989, *People v. Sharpton,* Indictment No. 6761/89 (Supreme Court, N.Y.Cty., Crim. Term) at 2 (emphasis added).[1]

Counts 6 and 7 of the New York County indictment charged the offense of Falsifying Business Records in the First Degree. That offense requires the falsification of business records with an intent to defraud that "includes an intent to commit *another crime* or to aid or conceal the commission thereof." N.Y.Penal Law § 175.10 (McKinney 1988) (emphasis added). The bill of particulars alleged that on each of two occasions Sharpton received a sum of money from a concert promoter and caused the promoter to draw up receipts showing the money going to NYM, and also alleged that

> By this conduct, defendant sought to commit or conceal the scheme to defraud charged in the first count, as well as violation of Tax Law § 1801(a).

Bill of Particulars at 17, 18.

The three tax charges alleged in the Albany indictment do not particularize the sources of income for which taxes were not paid for 1986 (counts 1 and 2) or that necessitated the filing of a return for 1987 (count 3). The State contends, however, that "the income upon which appellant will be tried for evasion of taxes does not include any of the money that was alleged in his New York County case to have been derived from schemes to defraud, falsification of business records or grand larceny." Brief for Appellee at 9. Instead, the State contends, "the income upon which [Sharpton] is alleged to have evaded personal income tax will be limited to his receipts

---

1. The bill of particulars also alleged that the defendant made false representations to the Charities Bureau of the New York Attorney General's office and filed with the State a false Annual Report of Charitable Organization. *Id.* at 7–8.

from concert and record promotion activities." *Id.* at 8.

Thus, there are two respects in which the two sets of charges are related. First, Count 1 of the New York County indictment is arguably related to Counts 1 and 2 of the Albany County indictment in that the two Albany counts concern evading state income taxes for 1987, and the New York count concerns a scheme to defraud ten victims during a period that includes 1987, one of the victims was New York State, and the defendant was alleged to have used the bank account of a charitable organization to conceal his business income from state tax authorities. Second, Counts 6 and 7 of the New York County indictment are arguably related to Count 3 of the Albany County indictment in that the Albany count alleges failure to file a state tax return for 1986, and the New York counts concern falsifying business records in 1986 with the intent to commit two offenses, one of which was the tax crime of failure to file. Whether these relationships render prosecution on any counts of the Albany County indictment barred under the Double Jeopardy Clause after the defendant has been prosecuted for the crimes alleged in the New York County indictment is a close and troublesome question, complicated by the uncertain state of the Supreme Court's double jeopardy jurisprudence.

Prior to *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), we would have been entirely confident that under the previous regime of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Sharpton's double jeopardy claim would fail. *Blockburger* instructed that a subsequent offense is not barred by prosecution for a prior offense if each requires "proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. The tax offenses charged in the Albany County indictment require the filing of a false return (Counts 1, 2) and the non-filing of a required return (Count 3), facts not required for any of the offenses charged in the New York County indictment. And the offenses charged in the New York County indictment require obtaining property by means of a fraudulent scheme (Counts 1–5), falsifying business records (Counts 6, 7), and stealing property (Counts 8–67), facts not required for any of the offenses charged in the Albany County indictment. Sharpton's double jeopardy defense is unsupportable under the *Blockburger* test.

However, *Grady v. Corbin* introduced a refinement to the *Blockburger* test. *Grady* announced that the Double Jeopardy Clause bars a subsequent prosecution where the prosecutor, "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521, 110 S.Ct. at 2093. That formulation has proven difficult to apply, *see, e.g., United States v. Calderone,* 917 F.2d 717 (2d Cir.1990); *id.* at 722 (Newman, J., concurring); *id.* at 726 (Miner, J., dissenting), and whatever difficulties we have previously encountered in grappling with the *Grady* language have not been eased by the most recent instruction from the Supreme Court that we are not to read the language "literally," *United States v. Felix,* —— U.S. ——, ——, 112 S.Ct. 1377, 1383, 118 L.Ed.2d 25 (1992), because doing so is to read the language "expansively," *id.* Apparently, we are to read the *Grady* formulation non-literally, and, in any event, narrowly.

*Felix* confronted the application of *Grady* to both a conspiracy and a set of substantive charges in a federal Oklahoma indictment for manufacturing and distributing methamphetamine. These charges were claimed to be barred from prosecution by a prior federal Missouri prosecution for attempting to manufacture methamphetamine. The Supreme Court ruled that the Oklahoma conspiracy charge was not barred because, whatever the meaning of *Grady,* it is not to be understood to have eroded the rule of cases like *United States v. Bayer,* 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947), and *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), that a conspiracy charge is not barred under the Double Jeopardy Clause by the prosecution of a prior substantive charge. *Felix,* —— U.S. at ——, 112 S.Ct.

at 1385. That ruling, however, has little bearing on Sharpton's claim because all of the charges in both the Albany County and the New York County indictments are substantive charges.

Nevertheless, the Court's discussion of its conspiracy ruling in *Felix* does offer some illumination of its thinking as to the proper application of *Grady*. The Chief Justice's opinion viewed *Grady* as "simply adopt[ing] the suggestion we had previously made in dicta in [*Illinois v.*] *Vitale*, [447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)]," —— U.S. at ——, 112 S.Ct. at 1384, which was that the earlier prosecuted offense "might be viewed as a 'species of lesser-included offense'" even though it did not technically fit within that designation. *Felix*, —— U.S. at ——, 112 S.Ct. at 1384. It will thus be pertinent to our consideration of Sharpton's claim to determine whether any of the charges in either of the indictments against him can be viewed as a "species of lesser-included offense" within any of the charges in the other indictment. Unfortunately, we are told very little about the taxonomy of this species, but we believe the Court was referring to an offense that is a permissible but not a necessary predicate of a greater offense. In *Grady* the offenses previously prosecuted—driving while intoxicated and failing to keep right of the median—were permissible but not necessary predicates of the offenses of homicide and assault.

Also relevant to our consideration is the Court's ruling in *Felix* that the Oklahoma substantive charges were not barred by prosecution of the prior Missouri substantive charges. Here again, the actual ruling is of little pertinence to our case since the Court could say of the two sets of charges against Felix that "there was absolutely no common conduct linking the alleged offenses," *Id.* at ——, 112 S.Ct. at 1382, an observation that is not true of the two sets of charges against Sharpton. But, again, the Court's discussion is significant. The Court rejected the jeopardy defense despite its apparent acknowledgement that conduct establishing the Oklahoma substantive offenses—Felix's Oklahoma methamphetamine transactions—had been previously relied on by the prosecution to prove the element of intent at the Missouri trial. The Chief Justice emphasized "the basic, yet important, principle that the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." *Id.* at ——, 112 S.Ct. at 1383 (footnote omitted). The Court concluded that in Felix's Missouri case the Government "did not in any way *prosecute* Felix for the Oklahoma methamphetamine transactions...." *Id.* We thus learn that the prosecutor's use of conduct to prove an element of an offense is not necessarily "prosecution" for such conduct within the meaning of the *Grady* formulation (and was not "prosecution" in Felix's first trial).

With this guidance, we endeavor to apply *Grady* and *Felix* to Sharpton's claim.

A. Counts 1 and 2 of the Albany County Indictment

■ Considering first whether counts 1 and 2 of the Albany County indictment (the 1987 tax evasion charges) are barred by the prior prosecution of count 1 of the New York County indictment (the scheme to defraud that included New York State as one of ten victims), we inquire whether, in *Grady's* terms, "to establish an essential element of" counts 1 or 2 of the Albany County indictment, the state prosecutor "will prove conduct that constitutes an offense for which the defendant has already been prosecuted" in the trial of count 1 of the New York County indictment.

Even if we were to read the *Grady* formulation literally, we could not conclude that its proscription will be violated by prosecution on counts 1 and 2 of the pending Albany indictment. Though Sharpton correctly apprehends that in the Albany trial, the State will endeavor to prove that he acted so as to defraud the New York tax authorities, we cannot say that such conduct "constitutes an offense for which the defendant has been prosecuted" in the New York County case. It is true that one act of an alleged defrauding of the tax authorities was charged at the first trial. New York State was alleged to have been one of

the ten victims of the scheme to defraud, and the bill of particulars specifically alleged that one of the means of defrauding the State was the use of NYM bank accounts to conceal personal income from the State tax authorities. Nevertheless, using the NYM bank account to defraud the State tax authorities is not an offense for which Sharpton was prosecuted in the New York County case. Use of the account may well be conduct that was offered to prove the scheme to defraud, but *Felix* instructs that *proof* of conduct must be carefully distinguished from *prosecution* for such conduct.[2]

Arguably the fraudulent use of the NYM bank account to defraud the State tax authorities is a "species" of lesser-included offense within the offense of a scheme to defraud ten or more victims in the same sense that driving while intoxicated and failing to keep right of the median were a "species" of lesser-included offenses within the homicide and assault offenses in *Grady.* But there are at least three obstacles to upholding Sharpton's claim on that ground at this stage. First, unlike what occurred in *Grady,* the State has not made any allegation in its indictment or bill of particulars that it intends to prove counts 1 and 2 of the Albany County charges by proving that Sharpton used the NYM bank account to conceal income from State tax authorities. Thus, even if *Grady* applied, which we do not now decide, it would only preclude the State from proving counts 1 and 2 by relying on the use of the NYM bank account to conceal taxable income, leaving the State free to prove the tax charges by other acts of misconduct. *Cf. Grady,* 495 U.S. at 523, 110 S.Ct. at 2094 (subsequent homicide prosecution not barred if State would establish negligence or recklessness by conduct for which defendant had not been prosecuted, *e.g.,* driving too fast for conditions). In this pretrial habeas corpus challenge to the indictment, the issue is only whether the charges are

necessarily barred by the prior prosecution. Whether jeopardy issues might arise from the way the prosecution might prove those charges at trial is beyond the scope of inquiry in this pretrial challenge.

Second, *Grady's* concern with a "species" of lesser-included offense appears to be limited to situations where the prosecution seeks to prove a greater offense by some conduct that formed the entirety of a lesser offense previously prosecuted. Grady had been prosecuted for the offenses of driving while intoxicated and failing to keep right of the median. Sharpton has not been prosecuted for the offense of using the NYM bank account to defraud state tax authorities. Even if such conduct is a state offense, it was not the conduct for which Sharpton was prosecuted but, at most, only a permissible predicate for the scheme to defraud with which he was charged. Nothing in *Grady,* as illuminated by *Felix,* would prevent proof of offense A by evidence of conduct that is a lesser-included offense B within a previously prosecuted greater offense C.

Third, though fraudulent use of a bank account to conceal income from state tax authorities is surely evidence of the fraudulent intent necessary to establish various state tax offenses, it is far from clear that such conduct, in and of itself, is a state offense. We need not decide that issue, however, since the jeopardy claim with respect to counts 1 and 2 fails in any event, at least at this pre-trial stage of the litigation.

**B. Count 3 of the Albany County Indictment**

■ Turning to count 3 of the Albany County indictment, we inquire whether, in *Grady's* terms, "to establish an essential element of" count 3, the state prosecutor "will prove conduct that constitutes an offense for which the defendant has already been prosecuted" in the trial of counts 6 and 7 of the New York County indictment.

---

**2.** We would have a different and far more substantial issue if the State had first prosecuted Sharpton for the offense of defrauding tax authorities with respect to taxes due on 1987 income, based on receipt of income from one set of sources, and then proposed to prosecute him again for the same offense, based on receipt of income from a different set of sources. The pending case does not involve an attempt to divide a tax offense for a single year into two tax offenses, each concerning distinct portions of income.

**1290**

Count 3 charges failure to file a 1986 return, and the State alleged in its bill of particulars on counts 6 and 7 of the prior indictment that Sharpton committed acts of misconduct in 1986 that evidenced an intent to violate the "failure to file" statute. But, as our prior discussion indicates, it cannot be said that Sharpton was *prosecuted* in the prior case for the offense of failure to file.

Without doubt, the intent to commit the offense of failure to file in 1986, which the prosecution sought to prove as an element of counts 6 and 7 at the first trial, is an element of the "failure to file" offense charged in count 3 of the pending indictment. But, unless a lesser-included offense is involved, *Grady* does not bar a second prosecution that requires proof of intent simply because that intent has been alleged as an element of a different offense that has previously been prosecuted. The *Grady* formulation concerns "conduct" previously prosecuted, and, though a similar analysis could be constructed to apply to the more amorphous concept of "intent," we have been advised in *Felix* to avoid any extension of *Grady*.

Prior to *Grady* it was settled law that the Double Jeopardy Clause did not bar prosecution for tax offenses arising out of misconduct that had formed the basis of a prior prosecution for non-tax offenses. *See United States v. Jacobson*, 547 F.2d 21, 24 (2d Cir.1976), *cert. denied*, 430 U.S. 946, 97 S.Ct. 1581, 51 L.Ed.2d 793 (1977). Though *Grady* may have eroded the force of *Jacobson* in some circumstances, we believe, in light of *Felix*, that we are not to deem prosecution of tax offenses barred simply because they bear some relationship to prior non-tax prosecutions. For the reasons already discussed, we are satisfied that the two indictments do not bear that degree of relationship that renders the second prosecution barred by the Double Jeopardy Clause.

The judgment of the District Court is affirmed.