IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0294-08






EX PARTE FRANK EUGENE WATSON, Appellant






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


VAN ZANDT COUNTY





 Cochran, J., filed a concurring opinion.


OPINION 



 I join the opinion of the Court. I add these comments only to emphasize that in Hall
v. State (1) we did not resurrect, for purposes of Texas constitutional law, the discredited "same
conduct" test of Grady v. Corbin (2) that briefly defined federal double jeopardy principles. (3) 
 Like the United States Supreme Court, we continue to adhere to the "same elements"
or "Blockburger" test (4) Thus, "in consecutive prosecution double jeopardy analysis, the
Blockburger test is to be applied to the statutory elements underlying each indictment, or
count, not to the averments that go beyond the statutory elements." (5) That is, we compare
only the elements of the two offenses, not the "manner and means" that describes an essential
element. An essential statutory element of intoxication assault is "mistake or accident." 
"Failing to yield the right of way while turning left" is not an essential statutory element of
intoxication assault. An allegation of that conduct simply describes the element of "mistake
or accident" and provides due-process notice to the defendant. Under federal double
jeopardy principles and the Blockburger test, the fact that appellant paid a traffic ticket for
the traffic offense of failing to yield the right of way does not bar his subsequent prosecution
for intoxication assault. (6) 

 Until 1982, Texas had a unique state-level double jeopardy test called "the carving
doctrine," which held that the State could "carve" but one conviction out of a single criminal
"transaction." (7) That doctrine, similar to the Grady "same conduct" test, proved unsound,
unworkable, and without constitutional or statutory basis. (8) In Ex parte McWilliams, this
Court formally adopted Blockburger as its test for double jeopardy: "The Blockburger test
is satisfied if each statutory offense requires the proof of a fact that the other does not. At
trial there may be a substantial overlap in the proof of each offense; however, it is the
separate statutory elements of each offense which must be examined under this test." (9) And
we examine only the statutory elements, not the descriptive averments.

 Although the present prosecution for intoxication assault would be barred under
Grady v. Corbin and under the old Texas carving doctrine, it is not barred under modern
federal double jeopardy principles. Indeed, in Ortega v. State, (10) we recently held that "[t]he
courts of Texas are bound to follow the Supreme Court's rule that Fifth Amendment jeopardy
questions must be resolved by application of the Blockburger test, which compares elements
of offenses--not conduct." (11) In that case, we compared only the statutory elements of the
two offenses, not any descriptive averments. (12) The majority is correct in following and
applying Blockburger and Ortega in the present case.

Filed: May 6, 2009

Publish





 
1. 225 S.W.3d 524 (Tex. Crim. App. 2007).
2. 495 U.S. 508 (1990), overruled by United States v. Dixon, 509 U.S. 688 (1993). 
Although Mr. Corbin was the defendant in this habeas corpus appeal and thus the "short" case
name would normally be Corbin, I follow the Supreme Court's lead in calling this the Grady
case.
3. The facts and charges in both this case and in Grady are analogous. In Grady, the
defendant caused a fatal traffic accident. He was prosecuted for, and pled guilty to, two
misdemeanor traffic offenses-driving while intoxicated and failing to keep to the right of the
median-that arose out the same transaction. 495 U.S. at 511. Two months later, he was charged
with manslaughter, homicide, and assault based on the same accident. The prosecutor filed "a
bill of particulars that identified the three reckless or negligent acts on which it would rely to
prove the homicide and assault charges: (1) operating a motor vehicle on a public highway in an
intoxicated condition, (2) failing to keep right of the median, and (3) driving approximately 45 to
50 miles per hour in heavy rain, 'which was a speed too fast for the weather and road conditions
then pending.'" Id. at 513-14. The defendant filed a motion to dismiss the indictments, arguing
that the traffic tickets and the homicide charges represented the same offense because they relied
upon the same underlying conduct. Judge Brennan, writing for a bare majority, held that "the
Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish
an essential element of an offense charged in that prosecution, will prove conduct that constitutes
an offense for which the defendant has already been prosecuted." Id. at 510. The Court relied, in
part, on dictum from an earlier case, Illinois v. Vitale, 447 U.S. 410 (1980), which had suggested
that double jeopardy principles beyond Blockburger might prevent a subsequent prosecution for
involuntary manslaughter (which alleged the reckless act of failure to reduce speed) because the
defendant had received and paid a traffic ticket for failure to reduce speed. 447 U.S. at 420.

 Three years later, and after extensive criticism, the Supreme Court overruled Grady v.
Corbin, disavowed the dictum in Vitale, and returned to the Blockburger "same elements" double
jeopardy test. United States v. Dixon, 509 U.S. 688, 711 (1993) ("[W]e think it time to
acknowledge what is now, three years after Grady, compellingly clear: the case was a mistake.
We do not lightly reconsider a precedent, but, because Grady contradicted an "unbroken line of
decisions," contained "less than accurate" historical analysis, and has produced "confusion," we
do so here. We would mock stare decisis and only add chaos to our double jeopardy
jurisprudence by pretending that Grady survives when it does not. We therefore accept the
Government's invitation to overrule Grady.") (citation omitted); see, e.g., United States v. Felix,
503 U.S. 378, 390-91 (1992) (criticizing Grady as difficult to apply); Sharpton v. Turner, 964
F.2d 1284, 1287 (2d Cir. 1992) (noting that Grady test "has proven difficult to apply"); Ladner v.
Smith, 941 F.2d 356, 362-64 (5th Cir. 1992) (setting out the complicated steps that the test in
Grady required courts to undertake); see also Anne Bowen Poulin, Double Jeopardy Protection
Against Successive Prosecution in Complex Criminal Cases: A Model, 25 Conn. L. Rev. 95,
104-05 (1992) (noting the complexity of double jeopardy analysis under Grady v. Corbin).
Professor Poulin explained that a

 [p]ure Blockburger analysis refers only to the statutory elements of the offenses
under consideration. Grady simply added consideration of the actual prosecutorial
theory. According to Grady, two offenses that are different under Blockburger
because of their legal definition may be the same in a particular case because of
their de facto application. Thus, Grady produces a double jeopardy bar if an
element of the offense being prosecuted will be established by conduct
constituting all the elements of the already prosecuted offense. Grady also
produces a bar if the offense being prosecuted will be established by conduct
constituting an element or the elements of the already prosecuted offense. If,
however, there is merely overlap, double jeopardy will not bar the subsequent
prosecution. For example, if the same conduct establishes the mental element of
the case already prosecuted and the case being prosecuted, but the two offenses
have aspects of the actus reus in which they are different, the later prosecution
will not be barred. In sum, two offenses are the same if their elements form
concentric circles either on the face of the charge or by virtue of the prosecution's
theory, whereas two offenses are different if their elements form overlapping or
entirely separate circles.

Id.
4. See Blockburger v. United States, 284 U.S. 299, 304 (1932). Chief Justice Rehnquist
explained, in Dixon, 

 Our double jeopardy cases applying Blockburger have focused on the statutory
elements of the offenses charged, not on the facts that must be proved under the
particular indictment at issue . . . .

509 U.S. at 716-17 (Rehnquist, C.J., concurring and dissenting); see also Albernaz v. United
States, 450 U.S. 333, 338 (1981) ("[T]he Court's application of the [Blockburger] test focuses on
the statutory elements of the offense") (internal quotations omitted).
5. United States v. Adams, 1 F.3d 1566, 1574 (11th Cir. 1993) (post-Dixon analysis); see
also United States v. Odutayo, 406 F.3d 386, 392 (5th Cir. 2005) ("The application of the
Blockburger test does not involve the detailed examination of the case's factual circumstances;
rather, our inquiry focuses on the elements of the statutory offense."); United States v. Lankford,
196 F.3d 563, 577 (5th Cir. 1999) ("In applying [the Blockburger ] test, we examine not the
particular circumstances involved in the case before us, but the statutory elements"); United
States v. Soape, 169 F.3d 257, 265 (5th Cir. 1999) ("The focus in determining the issue of
multiplicity is on the statutory elements of the offenses, not on their application to the facts of the
specific case before the court."); United States v. Singleton, 16 F.3d 1419, 1422 (5th Cir. 1994)
("The Blockburger inquiry focuses on the statutory elements of the offenses, not on their
application to the facts of the specific case before the court. Thus, the question is not whether this
violation of § 2119 also constituted a violation of § 924(c), but whether all violations of the
former constitute violations of the latter.") (footnotes omitted); United States v. Kimbrew, 406
F.3d 1149, 1151 (9th Cir. 2005) (noting that "[t]he Blockburger test focuses on the statutory
elements of each offense, not on the actual evidence presented at trial"); United States v. Fornia-Castillo, 408 F.3d 52, 70 (1st Cir. 2005) (holding that the Blockburger test focuses on statutory
elements of each offense); United States v. Moore, 43 F.3d 568, 571 (11th Cir. 1995) (noting that
under Blockburger, "the proper focus is on the statutory elements of the two crimes") United
States v. Colon-Osorio, 10 F.3d 41, 43 (1st Cir. 1993) ("The Blockburger test focuses on the
statutory elements of each offense."). 
6. See, e.g., Ephraim v. State, 237 S.W.3d 438, 441 (Tex. App.--Texarkana 2007, pet.
ref'd) (defendant's conviction for driving at an unsafe speed did not bar, on double jeopardy
grounds, successive prosecution for intoxication assault); State v. Guzman, 182 S.W.3d 389, 391-93 (Tex. App.--Austin 2005, no pet.) (prosecution for child endangerment based on indictment
allegation that defendant drove while intoxicated with child under age 15 as a passenger was not
barred by double jeopardy after defendant pleaded guilty to driving while intoxicated (DWI);
under Blockburger test, allegation of "driving while intoxicated" was not an element of child
endangerment, merely a descriptive allegation of manner and means of how child was
endangered).
7. See Ex parte McWilliams, 634 S.W.2d 815, 822 (Tex. Crim. App. 1982) (op. on reh'g). 
In McWilliams, this Court stated that "the carving doctrine"

 should be abandoned. Although many opinions of this Court have stated that the
carving doctrine is mandated by the Double Jeopardy Clauses of the Constitution
of the United States and the Constitution of this State, these opinions are
incorrect; the doctrine of carving is not mandated by the Double Jeopardy
Clauses.

Id. The Court noted that "[i]nitially, carving was applied when the two offenses charged
contained common material elements or when the two offenses required the same evidence to
convict." Id. at 823. But that doctrine soon took on a life of its own, and its application proved
erratic and unsound. The "carving doctrine" was rejected for the same reasons as those in Grady
v. Corbin: lack of historical basis, unsoundness of reasoning, arbitrariness of result, and
vagueness of application. See id. at 824.
8. Id. 
9. Id.
10. 171 S.W.3d 895 (Tex. Crim. App. 2005).
11. Id. at 899.
12. Id. Indeed, we found fault with the court of appeals in Ortega precisely because it had
looked beyond the statutory elements of the penal offense. The court of appeals stated,

 Although statutory elements will always make up a part of the accusatory
pleading, additional non-statutory allegations are necessary in every case to
specify the unique offense with which the defendant is charged. We are to
consider time, place, identity, manner and means in determining whether several
offenses are the same. 

Ortega v. State, 131 S.W.3d 698, 702 (Tex. App.--Corpus Christi 2004). We disagreed and
noted that the court of appeals's analysis was much like that in the discredited Grady v. Corbin
case. 171 S.W.3d at 898. Instead, courts compare only the statutory elements of the two
offenses, not conduct and not the manner and means of committing the two offenses. Id. at 899.