**Robert Lee ORTEGA, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0819–04.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 2005.

Randy Mack, Corpus Christi, for Appellant.

Jeffrey L. Van Horn, First Asst. S.A., Matthew Paul, State's Attorney, Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and JOHNSON, KEASLER, HERVEY and HOLCOMB, JJ., joined.

The issue in this case is whether a trial for assault of a public servant, after the defendant had been tried for resisting an

arrest by the same public servant, denied the defendant Due Process of Law by violating the Double Jeopardy Clause of the Fifth Amendment ("No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb"). We hold that the offenses were not "the same offence" under the Double Jeopardy Clause.

The indictment for assault of a public servant alleged that on or about November 3, 2000, in Refugio County, the appellant intentionally and knowingly caused bodily injury to Doug Carter by striking Doug Carter with his hand, knowing Carter was a public servant (specifically, a peace officer) and while Carter was lawfully discharging the official duty of arresting him, and in retaliation for and on account of the exercise of official power and the performance of official duty.

The trial began on April 22, 2002. In the first two days of the trial, the court arraigned the appellant and selected a jury. On the morning of the third day, after the jurors were sworn, the appellant's attorney told the court that he "was told just a minute ago that my client had actually already been convicted in county court for resisting arrest ...; therefore, it would seem ... that this trial actually might be barred by double jeopardy." He "object[ed] to proceeding at this time." The court overruled his objection, and the trial continued.

The State presented the testimony of Officer Doug Carter of the Woodsboro Police Department, who tried to stop Robert Lee Ortega after he saw Ortega commit several traffic offenses while driving on the streets of Woodsboro. Using the emergency lights, the siren, and the "air horn" on his patrol car, he chased Ortega's car down three streets, but Ortega did not stop until he got to his mother's house. When the officer drew his pistol and ordered Ortega to get on the ground, Ortega

refused to comply and shouted obscenities. The officer, seeing that Ortega was not armed, put his pistol back in its holster. He testified that he grabbed Ortega, told him he was under arrest, and tried to handcuff him, but Ortega "pulled away and began striking me" with his fists. He hit Carter in the body and face. After a deputy sheriff arrived and joined the struggle, Ortega hit Carter in the chin with his fist. Carter got a cuff from one set of handcuffs on one of Ortega's arms, and a cuff from another set on the other arm, but he could not get the arms cuffed together until a third officer arrived and helped to take Ortega to the ground. Although handcuffed, Ortega continued to resist being placed in Carter's patrol car until Carter showed him some pepper spray. The other two officers also testified.

After the State rested, the appellant presented to the court certified copies of complaints, informations, and judgments of two prosecutions of the appellant in the county court. One was for evading arrest by fleeing from Officer Doug Carter, which is not relevant to this appeal. The other was for resisting an arrest by Officer Doug Carter. Each information alleged that the appellant committed the offense in Refugio County on or about November 4, 2000. On December 20, 2000, the appellant had pleaded nolo contendere to each offense, and the county court had found him guilty and sentenced him to 46 days in jail in each case. The appellant told the district court that "we're raising a double jeopardy defense ... and we'll object to the—object to the trial, I guess."

The court ruled, "With regard to your plea of double jeopardy, I will overrule that motion."

The appellant presented no evidence before the jury. The jury found him guilty of assault of a public servant. At the

punishment stage, the State pleaded and proved that the appellant was an habitual felony offender, and the jury assessed punishment of 75 years in prison.

On the appeal that followed, the appellant presented a point that the "trial court erred in not sustaining Defendant's plea of Double Jeopardy," and a point that the trial court erred in not instructing the jury on the lesser-included offense of resisting arrest.

The Thirteenth Court of Appeals decided the appeal on double-jeopardy grounds. It said that the state law for lesser-included offenses was not adequate for that task.

> By statute, an offense is a lesser included offense, among other things, if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX.CRIM. PROC.CODE ANN. art. 37.09(1) (Vernon 1981). In double jeopardy scenarios, however, it is not enough merely to compare statutory elements. ... We are to consider time, place, identity, manner and means in determining whether several offenses are the same.[1]

It held, "Because we conclude that resisting arrest and assault on a peace officer are the 'same offense' for double jeopardy purposes in this case and because we find that appellant has already been tried and convicted for resisting arrest, we reverse the judgment of the trial court and order a judgment of acquittal on the assault charge."[2] The Court reasoned:

> At trial, the State relied on appellant's conduct in resisting arrest to prove assault on a peace officer. Officer Carter testified that appellant struck at him with his hand as he was attempting to

handcuff appellant to place him under arrest. This testimony was corroborated by Deputy Horner, who testified that appellant struck Officer Carter as Officer Carter was trying to place him under arrest. Thus, in the assault trial, the State relied on and proved the same facts—showing an intentional use of force against the officer—that were necessary to prove the resisting arrest charge. The State thus established that appellant committed the offense of resisting arrest for the second time. This is not allowed. It is clear from the indictment and the reporter's record that the State was obligated to and did, in fact, prove that the assault occurred while Officer Carter was in the process of arresting appellant. Because appellant had already been convicted for conduct that was a necessary element of the offense for which he was later charged and subsequently convicted, his claim of double jeopardy must be sustained.[3]

The State petitioned for discretionary review. It presented three issues. It enumerated the first two, which had to do with lesser-included offenses. They asked specifically, "Whether the offense of resisting arrest is a lesser-included offense of aggravated assault on a peace officer," and more generally "Whether the evidence presented or facts proven are relevant to the determination of whether one offense is a lesser-included offense of another."[4] The petition also pointed out a third, different issue: "Moreover, if we go forward with the applicable ... test, which is essential to a double jeopardy analysis ... [it] differs from the lesser-included offense

---

1. *Ortega v. State,* 131 S.W.3d 698, 701–02 (Tex.App.-Corpus Christi–Edinburg 2004).

2. *Id.,* at 700.

3. *Id.,* at 702–03 (footnote and citation omitted).

4. Pet. at 3.

definition.[5] ... Moreover, the offenses are not the same for purposes of double jeopardy." [6] We granted review.

We shall not address the State's first two issues. The third issue is the one on which the Court of Appeals' decision rested, and it is more specific to the jeopardy issue that is presented.

■ We believe that the Court of Appeals' analysis is not in accord with the interpretation of the Double Jeopardy Clause that the Supreme Court of the United States has adopted. The Court of Appeals held that there was a double-jeopardy violation because "in the assault trial, the State relied on and proved the same facts—showing an intentional use of force against the officer—that were necessary to prove the resisting arrest charge. The State thus established that appellant committed the offense of resisting arrest for the second time. This is not allowed." This reasoning is essentially that of *Grady v. Corbin*,[7] which the Supreme Court has overruled.

Thomas Corbin drove a vehicle that crossed the center line of a highway and struck another vehicle, killing the driver and injuring her passenger. He was convicted of driving while intoxicated and failing to keep right of the median. Then he was indicted for homicide and assault offenses. He moved to dismiss the indictment on double jeopardy grounds.[8]

The *Corbin* Court recognized that "the facts and contentions raised here mirror almost exactly those raised in" another of its cases, *Illinois v. Vitale*,[9] in which it had "held that the second prosecution was not barred under the traditional *Blockburger* test because each offense 'require(d) proof of a fact which the other (did) not.' See *Blockburger* [*v. United States*] 284 U.S. [299 (1932)], at 304 [52 S.Ct. 180, 76 L.Ed. 306]." [10]

But the *Corbin* Court went on to add:

[A] subsequent prosecution must do more than merely survive the *Blockburger* test. As we suggested in *Vitale*, the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of the offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." [11]

The Court said that "the State has admitted that it will prove the entirety of the conduct for which Corbin was committed—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses. Therefore the Double Jeopardy Clause bars this successive prosecution . . . .." [12]

As we have said, the analysis in *Grady v. Corbin* was very much like that in the Court of Appeals' opinion in this case.

---

**5.** *Id.,* at 9.

**6.** *Id.,* at 10.

**7.** 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

**8.** *Id.,* at 511–14, 110 S.Ct. 2084.

**9.** 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

**10.** *Corbin,* 495 U.S., at 515, 110 S.Ct. 2084.

**11.** *Id.,* at 521, 110 S.Ct. 2084 (footnotes omitted).

**12.** *Id.,* at 523, 110 S.Ct. 2084.

The Supreme Court has renounced that analysis.

Three years after *Grady v. Corbin,* the Court said in *United States v. Dixon:*

We have concluded, however, that *Grady [v. Corbin ]* must be overruled. Unlike *Blockburger* analysis, whose definition of what prevents two crimes from being the "same offence," U.S. Const., Amdt. 5, has deep historical roots and has been accepted in numerous precedents of this Court, *Grady* lacks constitutional roots. The "same-conduct" rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.[13]

The *Dixon* Court said that "*Grady* was not only wrong in principle; it has already proved unstable in application."[14] It reached "the conclusion that *Grady* is a continuing source of confusion and must be overruled."[15]

To the dissenters' argument that the *Blockburger* analysis was acceptable to decide when the Double Jeopardy Clause prohibited successive punishment but not acceptable to decide when the Clause prohibited successive prosecution, the Court replied that "there is *no* authority, except *Grady,* for the proposition that it has different meanings in the two contexts. That is perhaps because it is embarrassing to assert that the single term 'same offence' (the words of the Fifth Amendment at issue here) has two different meanings—that what is the same offense is yet not the same offense."[16]

■ The courts of Texas are bound to follow the Supreme Court's rule that Fifth Amendment jeopardy questions must be resolved by application of the *Blockburger* test, which compares elements of offenses—not conduct.

This brings us to another statement in the Court of Appeals' opinion that was not correct—that the "appellant had already been convicted for conduct that was a necessary element of the offense for which he was later charged and subsequently convicted." A comparison of the elements of the offenses demonstrates the error.

The resisting arrest offense of which the appellant had first been convicted required proof that:

1. A person
2. intentionally
3. prevented or obstructed a peace officer from effecting an arrest,
4. knowing the person was a peace officer,
5. by using force against the peace officer or another.[17]

The conviction for the assault offense that is being appealed required proof that:

1. A person
2. intentionally, knowingly, or recklessly
3. caused bodily injury to another
4. who the person knew was a public servant
5. (a) while the public servant was lawfully discharging an official duty, or
   (b) in retaliation or on account of an exercise of official power or performance of an official duty as a public servant.[18]

---

13. 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

14. *Id.,* at 709, 113 S.Ct. 2849.

15. *Id.,* at 710, 113 S.Ct. 2849.

16. *Id.,* at 704, 113 S.Ct. 2849.

17. *See* TEX. PENAL CODE § 38.03(a).

18. *See id.,* § 22.01(a)(1) & (b)(1).

The offense of assault required proof of at least one fact that the offense of resisting arrest did not: that the appellant caused bodily injury. The offense of resisting arrest required proof of a fact that the offense of assault did not: that the appellant prevented or obstructed a peace officer from effecting an arrest.

By the *Blockburger* rule, the offenses were not the same. There was no violation of the Double Jeopardy Clause.

The Court of Appeals' opinion also contained a factual mistake. It said that the evidence of force in the resisting arrest prosecution was the same as that in the assault prosecution. The force that was alleged in the resisting arrest case was "pulling away," while that in the assault was "striking." We mention this point, not because it affects the double jeopardy analysis, but because it might affect other issues that the Court of Appeals will address on remand.

We reverse the judgment of the Court of Appeals and remand the case to that court for the consideration of the appellant's other points of error.

PRICE and COCHRAN, JJ., concurred in the judgment.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting.

In all honesty, I did not vote to grant this petition for discretionary review. The State Prosecuting Attorney's grounds for review did not seem germane to the court of appeals' opinion. Nevertheless, our Court decided to grant this case, and for all of you curious souls wondering what are the actual grounds for review, they're as follows:

1) Whether the offense of resisting arrest is a lesser-included offense of aggravated assault of a peace officer;

2) Whether the evidence presented or facts proven are relevant to the determinations of whether one offense is a lesser-included offense of another.

Surely this is a problem concerning charge error? Wrong. It's double jeopardy. The majority has decided to analyze this case on an argument the State Prosecuting Attorney points out within the body of his brief to this Court. When this Court realized that the State Prosecuting Attorney had brought issues that were not dispositive of the double jeopardy question that the court of appeals raised in its analysis, we should have dismissed the petition as improvidently granted.[1] Irrespective of these procedural abnormalities, I also dissent from the majority's double jeopardy analysis and the outcome in this case. I believe that the court of appeals got it right, but for the wrong reasons.

I agree with the majority opinion in that I understand that the *Blockburger* test is the proper test that the Supreme Court of the United States has set forth in order to perform a Fifth Amendment double jeopardy analysis. I concede also that the court of appeals in this case erroneously

---

1. What is ironic in this whole situation is that this case involves a technical analysis of a number of points of law and fact. In attempting to arrest Mr. Ortega for the traffic offense, the officers claim he struck them while pulling away. While the County Attorney saw it as resisting arrest and obtained a guilty plea and a fine, six months later, the District Attorney saw it as aggravated assault on a police officer. While Mr. Ortega may not be receiving any citizenship awards in Refugio county, (the record reveals that this is not his first offense, and that he shouted obscenities and refused to comply with the officers who arrested him in his mother's front yard), he nevertheless is going to prison for seventy-five years because he made an illegal turn in his car. But this is a technicality, similar to whether Mr. Ortega was pulling or pushing away from the police officer.

used the "same conduct" reasoning of *Grady v. Corbin*,[2] which the United States Supreme Court later renounced. However, I believe that this case does not fall under the strict *Blockburger* elements of the offense analysis for several reasons.

In this case, the State is attempting to prove one of the elements of the crime of resisting arrest as a separate crime. The "use of force" element of the crime of resisting arrest[3] can encompass the crime of assault. In some, but not all cases, the actions of a defendant when resisting arrest could be characterized as an assault because they cause bodily injury. Here, the actions of the Appellant that the State contends constitute the assault charge, i.e. that he repeatedly struck the officer and caused bodily injury, are also the facts which constitute the "use of force" element of the resisting arrest charge. The State should not be able to charge the defendant with the separate crime of assault when they have relied on the same facts to prove the "use of force" element in the resisting arrest conviction. This is analogous to the reasoning which precludes the State from obtaining a separate conviction for the underlying predicate felony in capital murder cases.[4] The same facts which prove an element of the capital murder offense, i.e. the felony predicate element, cannot be used to secure a separate felony conviction.

2. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

3. Texas Penal Code Section 38.03, entitled Resisting Arrest, Search or Transportation, states:

(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another *by using force* against the peace officer or another (emphasis added).

For the above reasons, I must refrain from joining the majority's opinion and respectfully dissent.

4. *See* Texas Penal Code Section 19.03, Capital Murder, which states in relevant part:

(a) a person commits an offense if he commits murder as defined under Section 19.02(b)(1) and:

(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, or obstruction or retaliation.