IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1773-05






STEVEN G. GIRDY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


LUBBOCK COUNTY





 Keller, P.J., filed a concurring opinion.





 I am uncertain what the Court means when it discusses "notice" and "the universe of
theoretically possible lesser-included offenses." (1) My reading of the State's arguments is that the
State is attempting to show that the two offenses contain different elements that would distinguish
them under the test set forth in Blockburger v. United States. (2) In addition, I cannot agree with the
Court's comments regarding the use of evidence at trial in determining the relationship between
greater and lesser offenses for double jeopardy purposes. A lesser-included offense cannot be based
upon a different instance of conduct than the instance of conduct upon which the State relies, and
the evidence at trial is relevant to determining whether such is the case. (3) But once it is determined
that the alleged offenses pertain to the same instance of conduct, whether they are related to each
other in such a way as to be lesser and greater offenses for double jeopardy purposes is a question
that does not depend in any form upon the evidence introduced at trial. (4) To hold otherwise is to
resurrect the defunct and discredited "same evidence" test of Grady v. Corbin. (5) For this reason, I
would not say, as the Court does, that double jeopardy analysis turns upon whether proving one
offense necessarily proves another offense. (6) The inquiry, under Blockburger, is simply whether each
charged offense requires proof of a fact the other does not. (7) As for the Court's manslaughter
example, whether the evidence at a murder trial supports a manslaughter instruction depends on the
second prong of the Rousseau test (whether some evidence supports the proposition that the
defendant was guilty only of manslaughter), (8) which is an issue wholly unrelated to double jeopardy
analysis. 

 I agree that the term "using deadly force" encompasses threatening imminent bodily injury
and using a deadly weapon. Aggravated assault was therefore a lesser-included offense of
aggravated kidnapping, as charged in this case. Therefore, though I do not join the Court's opinion,
I concur in its judgment.

Date filed: November 1, 2006

Publish 




 
1. See Court's op. at 5-6.
2. 284 U.S. 299 (1932).
3. See Campbell v. State, 149 S.W.3d 149 (Tex. Crim. App. 2004)
4. Ortega v. State, 171 S.W.3d 895, 898 (Tex. Crim. App. 2005). 
5. Id. (discussing Grady, 495 U.S. 508 (1990)).
6. See Court's op. at 6.
7. Ortega, 171 S.W.3d at 898-900.
8. See Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).