

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0294-08

### EX PARTE FRANK EUGENE WATSON, Appellant

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TWELFTH COURT OF APPEALS
## VAN ZANDT COUNTY

**COCHRAN, J., filed a concurring opinion.**

## <u>OPINION</u>

I join the opinion of the Court.  I add these comments only to emphasize that in *Hall v. State*[1] we did not resurrect, for purposes of Texas constitutional law, the discredited "same conduct" test of *Grady v. Corbin*[2] that briefly defined federal double jeopardy principles.[3]

---

[1] 225 S.W.3d 524 (Tex. Crim. App. 2007).

[2] 495 U.S. 508 (1990), *overruled by United States v. Dixon*, 509 U.S. 688 (1993). Although Mr. Corbin was the defendant in this habeas corpus appeal and thus the "short" case name would normally be *Corbin*, I follow the Supreme Court's lead in calling this the *Grady* case.

[3] The facts and charges in both this case and in *Grady* are analogous.  In *Grady*, the defendant caused a fatal traffic accident. He was prosecuted for, and pled guilty to, two misdemeanor traffic offenses–driving while intoxicated and failing to keep to the right of the

median–that arose out the same transaction. 495 U.S. at 511. Two months later, he was charged with manslaughter, homicide, and assault based on the same accident. The prosecutor filed "a bill of particulars that identified the three reckless or negligent acts on which it would rely to prove the homicide and assault charges: (1) operating a motor vehicle on a public highway in an intoxicated condition, (2) failing to keep right of the median, and (3) driving approximately 45 to 50 miles per hour in heavy rain, 'which was a speed too fast for the weather and road conditions then pending.'" *Id.* at 513-14. The defendant filed a motion to dismiss the indictments, arguing that the traffic tickets and the homicide charges represented the same offense because they relied upon the same underlying conduct. Judge Brennan, writing for a bare majority, held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 510. The Court relied, in part, on *dictum* from an earlier case, *Illinois v. Vitale*, 447 U.S. 410 (1980), which had suggested that double jeopardy principles beyond *Blockburger* might prevent a subsequent prosecution for involuntary manslaughter (which alleged the reckless act of failure to reduce speed) because the defendant had received and paid a traffic ticket for failure to reduce speed. 447 U.S. at 420.

Three years later, and after extensive criticism, the Supreme Court overruled *Grady v. Corbin*, disavowed the dictum in *Vitale*, and returned to the *Blockburger* "same elements" double jeopardy test. *United States v. Dixon*, 509 U.S. 688, 711 (1993) ("[W]e think it time to acknowledge what is now, three years after *Grady,* compellingly clear: the case was a mistake. We do not lightly reconsider a precedent, but, because *Grady* contradicted an "unbroken line of decisions," contained "less than accurate" historical analysis, and has produced "confusion," we do so here. We would mock *stare decisis* and only add chaos to our double jeopardy jurisprudence by pretending that *Grady* survives when it does not. We therefore accept the Government's invitation to overrule *Grady*.") (citation omitted); *see, e.g., United States v. Felix*, 503 U.S. 378, 390-91 (1992) (criticizing *Grady* as difficult to apply); *Sharpton v. Turner*, 964 F.2d 1284, 1287 (2d Cir. 1992) (noting that *Grady* test "has proven difficult to apply"); *Ladner v. Smith*, 941 F.2d 356, 362-64 (5th Cir. 1992) (setting out the complicated steps that the test in *Grady* required courts to undertake); *see also* Anne Bowen Poulin, *Double Jeopardy Protection Against Successive Prosecution in Complex Criminal Cases: A Model*, 25 CONN. L. REV. 95, 104-05 (1992) (noting the complexity of double jeopardy analysis under *Grady v. Corbin*). Professor Poulin explained that a

> [p]ure *Blockburger* analysis refers only to the statutory elements of the offenses under consideration. *Grady* simply added consideration of the actual prosecutorial theory. According to *Grady*, two offenses that are different under *Blockburger* because of their legal definition may be the same in a particular case because of their de facto application. Thus, *Grady* produces a double jeopardy bar if an element of the offense being prosecuted will be established by conduct constituting all the elements of the already prosecuted offense. *Grady* also produces a bar if the offense being prosecuted will be established by conduct constituting an element or the elements of the already prosecuted offense. If, however, there is merely overlap, double jeopardy will not bar the subsequent prosecution. For example, if the same conduct establishes the mental element of the case already prosecuted and the case being prosecuted, but the two offenses

Like the United States Supreme Court, we continue to adhere to the "same elements"

or "*Blockburger*" test[4]  Thus, "in consecutive prosecution double jeopardy analysis, the

*Blockburger* test is to be applied to the statutory elements underlying each indictment, or

count, not to the averments that go beyond the statutory elements."[5]  That is, we compare

---

have aspects of the *actus reus* in which they are different, the later prosecution
will not be barred. In sum, two offenses are the same if their elements form
concentric circles either on the face of the charge or by virtue of the prosecution's
theory, whereas two offenses are different if their elements form overlapping or
entirely separate circles.

*Id.*

[4] *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Chief Justice Rehnquist
explained, in *Dixon*,

Our double jeopardy cases applying *Blockburger* have focused on the statutory
elements of the offenses charged, not on the facts that must be proved under the
particular indictment at issue . . . .

509 U.S. at 716-17 (Rehnquist, C.J., concurring and dissenting); *see also Albernaz v. United
States*, 450 U.S. 333, 338 (1981) ("[T]he Court's application of the [*Blockburger*] test focuses on
the statutory elements of the offense") (internal quotations omitted).

[5] *United States v. Adams*, 1 F.3d 1566, 1574 (11th Cir. 1993) (post-*Dixon* analysis); *see
also United States v. Odutayo*, 406 F.3d 386, 392 (5th Cir. 2005) ("The application of the
*Blockburger* test does not involve the detailed examination of the case's factual circumstances;
rather, our inquiry focuses on the elements of the statutory offense."); *United States v. Lankford*,
196 F.3d 563, 577 (5th Cir. 1999) ("In applying [the *Blockburger* ] test, we examine not the
particular circumstances involved in the case before us, but the statutory elements"); *United
States v. Soape*, 169 F.3d 257, 265 (5th Cir. 1999) ("The focus in determining the issue of
multiplicity is on the statutory elements of the offenses, not on their application to the facts of the
specific case before the court."); *United States v. Singleton*, 16 F.3d 1419, 1422 (5th Cir. 1994)
("The *Blockburger* inquiry focuses on the statutory elements of the offenses, not on their
application to the facts of the specific case before the court. Thus, the question is not whether *this*
violation of § 2119 also constituted a violation of § 924(c), but whether *all* violations of the
former constitute violations of the latter.") (footnotes omitted); *United States v. Kimbrew*, 406
F.3d 1149, 1151 (9th Cir. 2005) (noting that "[t]he Blockburger test focuses on the statutory
elements of each offense, not on the actual evidence presented at trial"); *United States v. Fornia-
Castillo*, 408 F.3d 52, 70 (1st Cir. 2005) (holding that the *Blockburger* test focuses on statutory
elements of each offense); *United States v. Moore*, 43 F.3d 568, 571 (11th Cir. 1995) (noting that
under *Blockburger*, "the proper focus is on the statutory elements of the two crimes") *United*

only the elements of the two offenses, not the "manner and means" that describes an essential element.  An essential statutory element of intoxication assault is "mistake or accident." "Failing to yield the right of way while turning left" is not an essential statutory element of intoxication assault.  An allegation of that conduct simply describes the element of "mistake or accident" and provides due-process notice to the defendant.  Under federal double jeopardy principles and the *Blockburger* test, the fact that appellant paid a traffic ticket for the traffic offense of failing to yield the right of way does not bar his subsequent prosecution for intoxication assault.[6]

Until 1982, Texas had a unique state-level double jeopardy test called "the carving doctrine," which held that the State could "carve" but one conviction out of a single criminal "transaction."[7]  That doctrine, similar to the *Grady* "same conduct" test,  proved unsound,

---

*States v. Colon-Osorio*, 10 F.3d 41, 43 (1st Cir. 1993) ("The Blockburger test focuses on the statutory elements of each offense.").

[6] *See, e.g., Ephraim v. State*, 237 S.W.3d 438, 441  (Tex. App.—Texarkana 2007, pet. ref'd) (defendant's conviction for driving at an unsafe speed did not bar, on double jeopardy grounds, successive prosecution for intoxication assault); *State v. Guzman*, 182 S.W.3d 389, 391-93 (Tex. App.—Austin 2005, no pet.) (prosecution for child endangerment based on indictment allegation that defendant drove while intoxicated with child under age 15 as a passenger was not barred by double jeopardy after defendant pleaded guilty to driving while intoxicated (DWI); under *Blockburger* test, allegation of "driving while intoxicated" was not an element of child endangerment, merely a descriptive allegation of manner and means of how child was endangered).

[7] *See Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex. Crim. App. 1982) (op. on reh'g). In *McWilliams*, this Court stated that "the carving doctrine"
> should be abandoned. Although many opinions of this Court have stated that the
> carving doctrine is mandated by the Double Jeopardy Clauses of the Constitution
> of the United States and the Constitution of this State, these opinions are
> incorrect; the doctrine of carving is not mandated by the Double Jeopardy

unworkable, and without constitutional or statutory basis.[8] In *Ex parte McWilliams*, this Court formally adopted *Blockburger* as its test for double jeopardy: "The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be a substantial overlap in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test."[9] And we examine only the statutory elements, not the descriptive averments.

Although the present prosecution for intoxication assault would be barred under *Grady v. Corbin* and under the old Texas carving doctrine, it is not barred under modern federal double jeopardy principles. Indeed, in *Ortega v. State*,[10] we recently held that "[t]he courts of Texas are bound to follow the Supreme Court's rule that Fifth Amendment jeopardy questions must be resolved by application of the *Blockburger* test, which compares elements of offenses—not conduct."[11] In that case, we compared only the statutory elements of the

---

Clauses.
*Id.* The Court noted that "[i]nitially, carving was applied when the two offenses charged contained common material elements or when the two offenses required the same evidence to convict." *Id.* at 823. But that doctrine soon took on a life of its own, and its application proved erratic and unsound. The "carving doctrine" was rejected for the same reasons as those in *Grady v. Corbin*: lack of historical basis, unsoundness of reasoning, arbitrariness of result, and vagueness of application. *See id.* at 824.

[8] *Id.*

[9] *Id.*

[10] 171 S.W.3d 895 (Tex. Crim. App. 2005).

[11] *Id.* at 899.

two offenses, not any descriptive averments.[12]   The majority is correct in following and

applying *Blockburger* and *Ortega* in the present case.

Filed: May 6, 2009
Publish

---

[12] *Id.*  Indeed, we found fault with the court of appeals in *Ortega* precisely because it had looked beyond the statutory elements of the penal offense.  The court of appeals  stated,

> Although statutory elements will always make up a part of the accusatory pleading, additional non-statutory allegations are necessary in every case to specify the unique offense with which the defendant is charged.  We are to consider time, place, identity, manner and means in determining whether several offenses are the same.

*Ortega v. State*, 131 S.W.3d 698, 702 (Tex. App.—Corpus Christi 2004).  We disagreed and noted that the court of appeals's analysis was much like that in the discredited *Grady v. Corbin* case.  171 S.W.3d at 898.  Instead, courts compare only the statutory elements of the two offenses, not conduct and not the manner and means of committing the two offenses.  *Id*. at 899.