IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0294-08






EX PARTE FRANK EUGENE WATSON, Appellant







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 12-07-00127-CR FROM THE TWELFTH COURT OF APPEALS


VAN ZANDT COUNTY





 Per Curiam. Keller, P.J., and Holcomb, J., concurred in the result.


OPINION ON APPELLANT'S MOTION FOR REHEARING



 Following a traffic accident in which he struck a motorcyclist with his pickup truck,
the appellant pled no contest to a misdemeanor charge of failing to yield the right of way
while attempting to turn left at an intersection. (1) Later he was charged by indictment with the
felony offense of intoxication assault. (2) He interposed a double-jeopardy objection via a
pretrial application for writ of habeas corpus, but the trial court denied relief, and the court
of appeals affirmed the trial court's judgment in an unpublished opinion. (3) We granted the
appellant's petition for discretionary review. (4)

 On original submission in this cause, this Court held that the prosecution of appellant
for intoxication assault did not violate double jeopardy because the descriptive averment in
the intoxication-assault indictment, viz., "failing to yield the right of way while turning left,"
did not constitute an element of the offense, but only a manner and means by which the
offense was accomplished. Because this descriptive averment did not amount to an element
of the greater inclusive offense of intoxication assault, we held that the lesser offense of
failure to yield the right of way, contained in the Transportation Code, was not included
within the intoxication-assault offense for purposes of Hall v. State. (5) And if the offense of
failure to yield the right of way is not included within intoxication assault as alleged in the
indictment, we concluded, there is no jeopardy bar to successively prosecuting the appellant
for both offenses.

 In Hall, we recognized the "cognate pleadings" approach to determining lesser-included offenses, to the exclusion of other approaches such as the "strict statutory" and
"cognate evidence" approaches. Under the cognate pleadings approach, "the elements and
the facts alleged in the charging instrument are used to find lesser-included offenses;
therefore, the elements of the lesser offense do not have to be pleaded [in the indictment
charging the greater inclusive offense] if they can be deduced from the facts alleged in [that]
indictment." (6) In the strict statutory approach, which we rejected, "all of the statutory
elements of the lesser offense [must be] contained within the statutory elements of the greater
offense." (7) And in the cognate evidence approach, which we also rejected, "the court includes
the facts adduced at trial in its lesser-included offense analysis." (8) Prior to Hall, our case law
was somewhat conflicting, sometimes seeming to apply the strict statutory approach, other
times the cognate evidence approach. (9) But in Hall, we definitively laid the conflict to rest
when we construed Article 37.09(1) of the Code of Criminal Procedure to embrace the
cognate pleadings approach, (10) abandoning all other approaches. (11) We observed that in
applying the first step of the test for determining whether a requested lesser-included offense
instruction ought to be given, "we consider only the statutory elements of murder as they
were modified by the particular allegations in the indictment[.]" (12)

 In his motion for rehearing, the appellant argues that our holding on original
submission in this case was not faithful to Hall's cognate pleadings approach. Specifically,
he argues that the elements of the offense of failure to yield the right of way can be
"deduced" from facts alleged in the indictment for intoxication assault (as opposed to
deducing those elements from evidence that might be offered at trial). (13) In view of that, he
argues, under Hall's cognate pleadings approach, the failure to yield the right of way should
be considered a lesser-included offense of intoxication assault as a matter of state law, and
double jeopardy should prohibit successive prosecution for the greater offense. (14) We granted
the appellant's motion for rehearing to assess this argument. While we do find merit to his
argument, we nevertheless affirm the judgment of the court of appeals because its conclusion
was correct even under Hall's cognate pleadings approach.

 We agree with the appellant that, in our opinion on original submission in this case,
we veered precariously close to embracing the strict statutory approach when conducting our
lesser-included-offense analysis. (15) We observed:

 While [language that is merely descriptive of an element] might be helpful in
providing notice to appellant and later in proving to the jury as to how
appellant was supposed to have caused the bodily injury in question, it does
not increase or change the number of elements for the greater offense beyond
that defined by the statute itself. * * * Thus, the particular manner in which
the injury was caused is not an "element" of the intoxication-assault offense,
and we therefore do not consider any such descriptive language in the
indictment (e.g., pertaining to the type of "accident or mistake" involved, as
in the present case), at least in the first step of our lesser-included-offense
analysis."). (16)


Thus, our opinion on original submission suggested that only the elements as alleged in the
indictment for the greater-inclusive offense should be compared to the elements of the lesser
offense in deciding whether the latter is included in the former. We likewise suggested that,
when Hall alluded to the statutory elements in the indictment for the greater offense as
"modified by the particular allegations in the indictment," (17) we simply meant those elements,
from among alternative statutory elements, that the State chose to plead in the indictment. 
We did not mean, our opinion on original submission suggested, that the phrase, "modified
by the particular allegations in the indictment," should also include descriptive averments,
that is, additional language that is merely descriptive of the statutory elements.

 But this interpretation of Hall cannot be correct. For all practical purposes, such a
crabbed interpretation of what we meant in Hall by the phrase, "modified by the particular
allegations in the indictment," results in a test for lesser-included offenses that compares
statutory elements only--essentially the strict statutory approach. And yet, in Hall we
adopted the cognate pleadings approach exclusively and expressly rejected all other
approaches to lesser-included offense determinations, including the strict statutory approach. 
Our opinion on original submission in this case came dangerously close to resurrecting this
latter, expressly abandoned approach. This was not our intent.

 We now reaffirm the principle that we, at least implicitly, recognized in Hall: An
offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code
of Criminal Procedure, (18) if the indictment for the greater-inclusive offense either: 1) alleges
all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including
descriptive averments, such as non-statutory manner and means, that are alleged for purposes
of providing notice) from which all of the elements of the lesser-included offense may be
deduced. (19) Both statutory elements and any descriptive averments alleged in the indictment
for the greater-inclusive offense should be compared to the statutory elements of the lesser
offense. If a descriptive averment in the indictment for the greater offense is identical to an
element of the lesser offense, or if an element of the lesser offense may be deduced from a
descriptive averment in the indictment for the greater-inclusive offense, this should be
factored into the lesser-included-offense analysis in asking whether all of the elements of the
lesser offense are contained within the allegations of the greater offense.

 Having reiterated the proper standard, we must also conclude, however, that the
appellant's indictment for intoxication assault does not include all of the elements of the
lesser offense of failing to yield right of way under Section 545.152 of the Transportation
Code. (20) That is to say, the indictment for the greater offense does not expressly allege all of
the elements of the lesser offense, nor may the missing elements reasonably be deduced from
the descriptive averment. As Presiding Judge Keller noted in her concurring opinion on
original submission, the descriptive averment in the appellant's intoxication-assault
indictment lacked one of the elements of the lesser offense for which he was prosecuted,
namely, that the vehicle was "approaching from the opposite direction." (21) Moreover, it
cannot be deduced from the descriptive averment whether the appellant failed to yield the
right of way to such an oncoming vehicle to the exclusion of a vehicle approaching from
some other direction, or under other circumstances, which might constitute the commission
of a different statutorily defined offense, as Presiding Judge Keller also noted. (22) Under these
circumstances, we agree with the court of appeals that the descriptive averment in the
intoxication-assault indictment does not reasonably give rise to a deduction that the appellant
committed all of the constituent elements of the lesser offense defined in Section 545.151
of the Transportation Code. "It is simply an allegation of conduct[,]" (23) only some of which
is embraced by Section 545.151. Because the conduct alleged in the intoxication-assault
indictment was not sufficiently detailed or complete that it can reasonably be deduced that
the appellant failed to yield the right of way under circumstances that would make him liable
specifically under Section 545.151 of the Transportation Code, it cannot be said, under Hall's
cognate pleadings approach, that the traffic offense is a lesser-included offense of the
intoxication assault.

 For this reason, we affirm the judgment of the court of appeals.


Delivered: December 16, 2009

Publish

1. Tex. Trans. Code § 545.152.
2. Tex. Pen. Code § 49.07.
3. Ex parte Watson, 2007 WL 4328265 (Tex.App.--Tyler, No. 12-07-00127-CR, delivered
Dec. 12, 2007) (not designated for publication).
4. Our opinion on original submission contains a more detailed recitation of the facts and
procedural posture of the case. Ex parte Watson, ___ S.W.3d ___, 2009 WL 1212565 (Tex. Crim.
App., No. PD-0294-08, delivered May 6, 2009), at *1.
5. 225 S.W.3d 524 (Tex. Crim. App. 2007).
6. Id. at 535 (emphasis added).
7. Id. at 525.
8. Id. at 526.
9. See id. at 530-31 ("The conflict has persisted, with some of the Court's opinions determining
whether one offense is a lesser-included offense of another by comparing the elements of the
offenses, and others by comparing the evidence in the case to the elements of the lesser offense.").
10. Tex. Code Crim. Proc. art. 37.09(1) ("An offense is a lesser included offense if . . . it is
established by proof of the same or less than all the facts required to establish commission of the
offense charged") In Hall, we held that Article 37.09(1)'s reference to "the facts required to
establish commission of the offense charged" means the elements and the facts as specifically
alleged in the charging instrument. Id. at 534, quoting Parrish v. State, 869 S.W.2d 352, 354 (Tex.
Crim. App. 1994), and Jacob v. State, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995).
11. Id. at 535 ("We now hold that the [cognate] pleadings approach is the sole test for
determining in the first step whether a party may be entitled to a lesser-included offense instruction. 
The availability of a lesser-included offense instruction in a given case still would depend on the
second step, whether there is some evidence adduced at trial to support such an instruction.")
Because the instant case does not involve the availability of a lesser-included offense instruction, but
only with an issue of whether subsequent prosecution violates double jeopardy, we need not address
the second step of the lesser-included offense analysis in this case. See note 10, post.
12. Id. at 536.
13. The intoxication assault indictment alleged that the appellant:


 operate[d] a motor vehicle in a public place while intoxicated by not having the
normal use of mental or physical faculties by reason of the introduction of alcohol,
a controlled substance, a drug, or a dangerous drug into the body, or by having an
alcohol concentration of 0.08, and did by reason of such intoxication cause serious
bodily injury to another . . . by accident or mistake, to-wit: failing to yield the right
of way while turning left[.]


The appellant argues that the descriptive averment, "failing to yield the right of way while turning
left," includes all of the elements of Section 545.052 of the Transportation Code. See Tex. Transp.
Code § 545.152 ("To turn left at an intersection or into an alley or private road or driveway, an
operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and
that is in the intersection or in such proximity to the intersection as to be an immediate hazard."). 
Failure to abide by this statutory requirement constitutes a misdemeanor offense. Tex. Transp.
Code § 542.301. 
14. See Littrell v. State, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) (when conducting a
double-jeopardy analysis, the question of whether two offenses are the "same" because one is a
lesser-included offense of the other is a question of state law, to be resolved according to Hall's
cognate pleadings approach). 
15. Hall, supra, at 525.
16. Ex parte Watson, 2009 WL 1212565, at *4. 
17. Hall, supra, at 536.
18. Tex. Code Crim. Proc. art. 37.09(1)
19. We reiterate that this is emphatically not a "cognate evidence" approach to determining
lesser-included offenses. This approach "includes facts adduced at trial in its lesser-included offense
analysis." Hall, supra, at 526. However, we rejected this approach even before our opinion in Hall. 
See Littrell v. State, supra, at 278; Ortega v. State, 171 S.W.3d 895, 898-99 (Tex. Crim. App. 2005).
20. See Tex. Transp. Code § 545.152.
21. Ex parte Watson, 2009 WL 1212565, at *5 (Keller, P.J., concurring opinion on original
submission).
22. Id. As Presiding Judge Keller pointed out, one may commit a statutorily distinct species of
failure to yield the right of way while turning left "by failing to yield at a stop sign, a yield sign, or
a traffic light; by failing to yield to traffic on a paved street when turning from an unpaved street; by
failing to yield to traffic approaching an intersection 'from the operator's right'; by failing to yield
to traffic on a through street while turning from a street that terminates in a 'T' intersection; and by
failing [to] yield the right-of-way while turning from an alley, building, private road, or driveway
to a vehicle approaching on a highway." Id. (footnotes omitted).
23. Id.