

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0294-08

### EX PARTE FRANK EUGENE WATSON, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 12-07-00127-CR FROM THE TWELFTH COURT OF APPEALS
### VAN ZANDT COUNTY

**PER CURIAM. KELLER, P.J., and HOLCOMB, J., concurred in the result.**

### OPINION ON APPELLANT'S MOTION FOR REHEARING

Following a traffic accident in which he struck a motorcyclist with his pickup truck, the appellant pled no contest to a misdemeanor charge of failing to yield the right of way while attempting to turn left at an intersection.[1] Later he was charged by indictment with the felony offense of intoxication assault.[2] He interposed a double-jeopardy objection via a pretrial application for writ of habeas corpus, but the trial court denied relief, and the court

---

[1] TEX. TRANS. CODE § 545.152.

[2] TEX. PEN. CODE § 49.07.

of appeals affirmed the trial court's judgment in an unpublished opinion.[3] We granted the appellant's petition for discretionary review.[4]

On original submission in this cause, this Court held that the prosecution of appellant for intoxication assault did not violate double jeopardy because the descriptive averment in the intoxication-assault indictment, *viz.*, "failing to yield the right of way while turning left," did not constitute an element of the offense, but only a manner and means by which the offense was accomplished. Because this descriptive averment did not amount to an element of the greater inclusive offense of intoxication assault, we held that the lesser offense of failure to yield the right of way, contained in the Transportation Code, was not included within the intoxication-assault offense for purposes of *Hall v. State*.[5] And if the offense of failure to yield the right of way is not included within intoxication assault as alleged in the indictment, we concluded, there is no jeopardy bar to successively prosecuting the appellant for both offenses.

In *Hall*, we recognized the "cognate pleadings" approach to determining lesser-included offenses, to the exclusion of other approaches such as the "strict statutory" and

---

[3] *Ex parte Watson*, 2007 WL 4328265 (Tex.App.—Tyler, No. 12-07-00127-CR, delivered Dec. 12, 2007) (not designated for publication).

[4] Our opinion on original submission contains a more detailed recitation of the facts and procedural posture of the case. *Ex parte Watson*, ___ S.W.3d ___, 2009 WL 1212565 (Tex. Crim. App., No. PD-0294-08, delivered May 6, 2009), at *1.

[5] 225 S.W.3d 524 (Tex. Crim. App. 2007).

"cognate evidence" approaches. Under the cognate pleadings approach, "the elements *and the facts* alleged in the charging instrument are used to find lesser-included offenses; therefore, the elements of the lesser offense do not have to be pleaded [in the indictment charging the greater inclusive offense] if they can be deduced from *the facts* alleged in [that] indictment."[6] In the strict statutory approach, which we rejected, "all of the statutory elements of the lesser offense [must be] contained within the statutory elements of the greater offense."[7] And in the cognate evidence approach, which we also rejected, "the court includes the facts adduced at trial in its lesser-included offense analysis."[8] Prior to *Hall*, our case law was somewhat conflicting, sometimes seeming to apply the strict statutory approach, other times the cognate evidence approach.[9] But in *Hall*, we definitively laid the conflict to rest when we construed Article 37.09(1) of the Code of Criminal Procedure to embrace the cognate pleadings approach,[10] abandoning all other approaches.[11] We observed that in

---

[6] *Id*. at 535 (emphasis added).

[7] *Id*. at 525.

[8] *Id*. at 526.

[9] *See id*. at 530-31 ("The conflict has persisted, with some of the Court's opinions determining whether one offense is a lesser-included offense of another by comparing the elements of the offenses, and others by comparing the evidence in the case to the elements of the lesser offense.").

[10] TEX. CODE CRIM. PROC. art. 37.09(1) ("An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish commission of the offense charged") In *Hall*, we held that Article 37.09(1)'s reference to "the facts required to establish commission of the offense charged" means the elements and the facts as specifically

applying the first step of the test for determining whether a requested lesser-included offense instruction ought to be given, "we consider only the statutory elements of murder as they were modified by the particular allegations in the indictment[.]"[12]

In his motion for rehearing, the appellant argues that our holding on original submission in this case was not faithful to *Hall*'s cognate pleadings approach. Specifically, he argues that the elements of the offense of failure to yield the right of way can be "deduced" from facts alleged in the indictment for intoxication assault (as opposed to deducing those elements from *evidence* that might be offered *at trial*).[13] In view of that, he

---

alleged in the charging instrument. *Id*. at 534, quoting *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994), and *Jacob v. State*, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995).

[11] *Id*. at 535 ("We now hold that the [cognate] pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included offense instruction. The availability of a lesser-included offense instruction in a given case still would depend on the second step, whether there is some evidence adduced at trial to support such an instruction.") Because the instant case does not involve the availability of a lesser-included offense instruction, but only with an issue of whether subsequent prosecution violates double jeopardy, we need not address the second step of the lesser-included offense analysis in this case. *See* note 10, *post*.

[12] *Id*. at 536.

[13] The intoxication assault indictment alleged that the appellant:

operate[d] a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a dangerous drug into the body, or by having an alcohol concentration of 0.08, and did by reason of such intoxication cause serious bodily injury to another . . . by accident or mistake, to-wit: failing to yield the right of way while turning left[.]

The appellant argues that the descriptive averment, "failing to yield the right of way while turning left," includes all of the elements of Section 545.052 of the Transportation Code. *See* TEX. TRANSP.

argues, under *Hall*'s cognate pleadings approach, the failure to yield the right of way should be considered a lesser-included offense of intoxication assault as a matter of state law, and double jeopardy should prohibit successive prosecution for the greater offense.[14] We granted the appellant's motion for rehearing to assess this argument. While we do find merit to his argument, we nevertheless affirm the judgment of the court of appeals because its conclusion was correct even under *Hall*'s cognate pleadings approach.

We agree with the appellant that, in our opinion on original submission in this case, we veered precariously close to embracing the strict statutory approach when conducting our lesser-included-offense analysis.[15] We observed:

> While [language that is merely descriptive of an element] might be helpful in providing notice to appellant and later in proving to the jury as to how appellant was supposed to have caused the bodily injury in question, it does not increase or change the number of elements for the greater offense beyond that defined by the statute itself. * * * Thus, the particular *manner* in which the injury was caused is not an "element" of the intoxication-assault offense, and we therefore do not consider any such descriptive language in the indictment (*e.g.*, pertaining to the type of "accident or mistake" involved, as in the present case), at least in the first step of our lesser-included-offense

CODE § 545.152 ("To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard."). Failure to abide by this statutory requirement constitutes a misdemeanor offense. TEX. TRANSP. CODE § 542.301.

14

*See Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) (when conducting a double-jeopardy analysis, the question of whether two offenses are the "same" because one is a lesser-included offense of the other is a question of state law, to be resolved according to *Hall*'s cognate pleadings approach).

15

*Hall*, *supra*, at 525.

analysis.").[16]

Thus, our opinion on original submission suggested that only the elements as alleged in the indictment for the greater-inclusive offense should be compared to the elements of the lesser offense in deciding whether the latter is included in the former. We likewise suggested that, when *Hall* alluded to the statutory elements in the indictment for the greater offense as "modified by the particular allegations in the indictment,"[17] we simply meant those elements, from among *alternative statutory* elements, that the State chose to plead in the indictment. We did not mean, our opinion on original submission suggested, that the phrase, "modified by the particular allegations in the indictment," should also include *descriptive averments*, that is, additional language that is merely descriptive of the statutory elements.

But this interpretation of *Hall* cannot be correct. For all practical purposes, such a crabbed interpretation of what we meant in *Hall* by the phrase, "modified by the particular allegations in the indictment," results in a test for lesser-included offenses that compares statutory elements only—essentially the strict statutory approach. And yet, in *Hall* we adopted the cognate pleadings approach exclusively and expressly rejected all other approaches to lesser-included offense determinations, including the strict statutory approach. Our opinion on original submission in this case came dangerously close to resurrecting this latter, expressly abandoned approach. This was not our intent.

---

[16] *Ex parte Watson*, 2009 WL 1212565, at *4.

[17] *Hall*, *supra*, at 536.

We now reaffirm the principle that we, at least implicitly, recognized in *Hall*: An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure,[18] if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.[19] Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

Having reiterated the proper standard, we must also conclude, however, that the appellant's indictment for intoxication assault does not include all of the elements of the lesser offense of failing to yield right of way under Section 545.152 of the Transportation

---

[18]  TEX. CODE CRIM. PROC. art. 37.09(1)

[19]  We reiterate that this is emphatically *not* a "cognate evidence" approach to determining lesser-included offenses. This approach "includes facts adduced at trial in its lesser-included offense analysis." *Hall*, *supra*, at 526. However, we rejected this approach even before our opinion in *Hall*. *See Littrell v. State*, *supra*, at 278; *Ortega v. State*, 171 S.W.3d 895, 898-99 (Tex. Crim. App. 2005).

Code.[20] That is to say, the indictment for the greater offense does not expressly allege all of the elements of the lesser offense, nor may the missing elements reasonably be deduced from the descriptive averment. As Presiding Judge Keller noted in her concurring opinion on original submission, the descriptive averment in the appellant's intoxication-assault indictment lacked one of the elements of the lesser offense for which he was prosecuted, namely, that the vehicle was "approaching from the opposite direction."[21] Moreover, it cannot be deduced from the descriptive averment whether the appellant failed to yield the right of way to such an oncoming vehicle to the exclusion of a vehicle approaching from some *other* direction, or under *other* circumstances, which might constitute the commission of a different statutorily defined offense, as Presiding Judge Keller also noted.[22] Under these circumstances, we agree with the court of appeals that the descriptive averment in the intoxication-assault indictment does not reasonably give rise to a deduction that the appellant committed *all* of the constituent elements of the lesser offense defined in Section 545.151

---

[20] *See* TEX. TRANSP. CODE § 545.152.

[21] *Ex parte Watson*, 2009 WL 1212565, at *5 (Keller, P.J., concurring opinion on original submission).

[22] *Id*. As Presiding Judge Keller pointed out, one may commit a statutorily distinct species of failure to yield the right of way while turning left "by failing to yield at a stop sign, a yield sign, or a traffic light; by failing to yield to traffic on a paved street when turning from an unpaved street; by failing to yield to traffic approaching an intersection 'from the operator's right'; by failing to yield to traffic on a through street while turning from a street that terminates in a 'T' intersection; and by failing [to] yield the right-of-way while turning from an alley, building, private road, or driveway to a vehicle approaching on a highway." *Id*. (footnotes omitted).

of the Transportation Code. "It is simply an allegation of conduct[,]"[23] only some of which is embraced by Section 545.151. Because the conduct alleged in the intoxication-assault indictment was not sufficiently detailed or complete that it can reasonably be deduced that the appellant failed to yield the right of way under circumstances that would make him liable specifically under Section 545.151 of the Transportation Code, it cannot be said, under *Hall*'s cognate pleadings approach, that the traffic offense is a lesser-included offense of the intoxication assault.

For this reason, we affirm the judgment of the court of appeals.

Delivered:    December 16, 2009
Publish

---

[23] *Id.*