# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40455

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2015

Lyle W. Cayce
Clerk

ROBERT LEE ORTEGA,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:07-CV-109

JAMES L. DENNIS, Circuit Judge, in chambers:

Robert Lee Ortega, a Texas prisoner, seeks a certificate of appealability to appeal the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, which sought relief from the judgment dismissing his habeas corpus petition under 28 U.S.C. § 2254. The petition challenged his Texas conviction for assault of a public servant as a violation of the Constitution's double jeopardy clause. For the reasons that follow, I will deny the motion.

In November 2000, Ortega had an altercation with a police officer of Woodsboro, Texas. The State of Texas first charged Ortega with, and he pleaded guilty to, resisting arrest. Then, the State charged him with, and a jury convicted him of, assault of a public servant based on the same altercation.

No. 14-40455

Ortega appealed the assault conviction to the Texas Court of Appeals in Corpus Christi, which vacated the conviction, holding that it violated the double jeopardy clause. *Ortega v. State*, 131 S.W.3d 698 (Tex. App.—Corpus Christi 2004) ("*Ortega* I"). On grant of the State's petition for discretionary review, the Texas Court of Criminal Appeals reversed, holding that the assault conviction did not constitute double jeopardy, and remanded for consideration of other issues. *Ortega v. State*, 171 S.W.3d 895 (Tex. Crim. App. 2005) (en banc) ("*Ortega* II"). On remand, the Corpus Christi court affirmed the conviction. *Ortega v. State*, 207 S.W.3d 911 (Tex. App.—Corpus Christi 2006) ("*Ortega* III"). Now, Ortega asserts his double-jeopardy claim in the federal courts.[1]

The double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It is well established that, "[w]hatever the sequence may be," the double jeopardy clause "forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977); *see also Harris v. Oklahoma*, 433 U.S. 682, 682 (1977) ("When, as here,

---

[1] Even though Ortega did not appeal the Corpus Christi court's decision on remand to the Court of Criminal Appeals, this case should not be dismissed for a lack of exhaustion. The Court of Criminal Appeals already rejected Ortega's double-jeopardy claim. It would have been futile to present the claim to that court again. *See Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999) ("The futility exception applies when, as here, the highest state court has recently decided the same legal question adversely to the petitioner."); *Layton v. Carson*, 479 F.2d 1275, 1276 (5th Cir. 1973) ("Petitioners for federal habeas corpus need not exhaust state remedies when it is plain that resort to the state courts would be futile. If the state's highest court has recently rendered an adverse decision in an identical case, and if there is no reason to believe that the state court will change its position, a federal court should not dismiss a petition for federal habeas corpus for failure to exhaust remedies."); *Laffey v. Ault*, No. C04-1004-MWB, 2005 WL 1692452, at *11 (N.D. Iowa Mar. 28, 2005) (finding a "textbook situation in which application of the futility doctrine is appropriate" where state supreme court denied habeas petitioner's Eighth Amendment claim but remanded for other reasons, and, after decision on remand, petitioner did not again present the Eighth Amendment claim to the supreme court in another appeal).

conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one."); *In re Nielsen*, 131 U.S. 176, 188 (1889) ("[W]here, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."). That is because, when one offense is encompassed within another, the lesser included offense is the "same" for purposes of double jeopardy as the greater inclusive offense (or, more specifically, a component of it). *Brown*, 432 U.S. at 168.

The issue in this case is whether resisting arrest is a lesser included offense of assault of a public servant. In *Ortega* II, the Court of Criminal Appeals examined the elements of resisting arrest and the elements of assault, concluded that the former is not encompassed within the latter, and denied Ortega's double-jeopardy claim for that reason. 171 S.W.3d at 899-900. The court's analysis reflects a reasonable interpretation of what the United States Supreme Court's double-jeopardy jurisprudence requires. *See Blockburger v. United States*, 284 U.S. 299 (1932).[2] Therefore, Ortega is not entitled to federal

---

[2] The double-jeopardy analysis in *Ortega* II decided whether one offense was lesser included within another based on the elements of the offenses *as defined in the statutes*. 171 S.W.3d at 899-900. It does not appear that the Court of Criminal Appeals has continued to adhere to such analysis in subsequent cases. Now, the Court of Criminal Appeals decides double-jeopardy "lesser-included" questions based on the elements of the offenses *as alleged in the charging instrument. See Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) ("[I]n Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument."); *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) ("[C]ourts must focus on the elements alleged in the charging instrument—not on the offense as defined in the Penal Code.") (citing *Bigon*); *Ex parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013) (citing *Bigon*); *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (citing *Bigon*). Even though the Texas court has not been consistent on the issue, I nevertheless conclude that its analysis in *Ortega* II was reasonable. Other courts, too, have been less than consistent on this point. *E.g., compare United States v. Singleton*, 16 F.3d 1419, 1422 (5th Cir. 1994) ("The *Blockburger* inquiry

3

No. 14-40455

habeas relief on his double-jeopardy claim.  *See* 28 U.S.C. § 2254(d)(1) (a state prisoner is not entitled to federal habeas relief unless the state court's federal constitutional analysis was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States").[3]

---

focuses on the statutory elements of the offenses, not on their application to the facts of the specific case before the court."), *with United States v. Ogba*, 526 F.3d 214, 234 (5th Cir. 2008) ("But we may not stop here.  Under *Blockburger* we must look to the proof required for each necessary element of each offense in the case.").

[3] After the Court of Criminal Appeals rejected Ortega's double-jeopardy claim in *Ortega* II and remanded the case, the Corpus Christi court held in *Ortega* III that "resisting arrest *is* a lesser-included offense of assault on a public servant."  207 S.W.3d at 914 (emphasis added).  That holding does not give rise to double jeopardy, however, even though the double jeopardy clause "forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown*, 432 U.S. at 169.  The reason is, the term "lesser included offense" has different meanings in different contexts.  Michael H. Hoffheimer, *The Rise and Fall of Lesser Included Offenses*, 36 RUTGERS L.J. 351, 356 (2005).  One context in which courts employ the term "lesser included offense" is double jeopardy—that is, the constitutional limits on multiple prosecutions and cumulative punishments.  In this context, courts generally determine whether one offense is "lesser included" within another based on the elements of the offenses as set out in the statutes or as alleged in the charging instrument. *See supra*, note 2 (citing cases).  Courts do not, however, in this context determine whether one offense is "lesser included" within another based on the evidence presented at trial.  *See United States v. Dixon*, 509 U.S. 688 (1993) (overruling *Grady v. Corbin*, 495 U.S. 508 (1990)).  Another context in which courts use the term "lesser included offense" is when determining what offenses the jury may be instructed to consider that were not named in the indictment or formal charge.  In this context, courts apply a variety of tests to determine whether one offense is "lesser included" within another, including, in some jurisdictions, examining the evidence presented at trial.  *See, e.g., Hall v. State*, 225 S.W.3d 524, 525-26 (Tex. Crim. App. 2007) (explaining alternative approaches).  The critical point is that whether one offense is "lesser included" within another *for purposes of jury instructions* is a separate issue—a generally state-law issue, at that—from whether the offense is "lesser included" within the other *for purposes of double jeopardy. See United States v. Browner*, 937 F.2d 165, 171 (5th Cir. 1991) (distinguishing between "double jeopardy analysis" and "the analysis of lesser included offenses for instructional purposes").  Here, the Court of Criminal Appeals addressed double jeopardy in *Ortega* II, and the Corpus Christi court addressed jury instructions in *Ortega* III.  This court's resolution of Ortega's double-jeopardy claim must focus on the "lesser-included" analysis in the former state court decision, not the "lesser-included" analysis in the latter. *Also, see Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988) ("In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue.").

No. 14-40455

Reasonable jurists could not debate the district court's denial of Ortega's double-jeopardy claim, and the issues in this case are not adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The motion for a certificate of appealability is DENIED.